UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

STEPHANIE COOPER,

     Plaintiff,

-VS-                                                                    CASE NO.:

EXPERIAN INFORMATION SOLUTIONS,        **JURY TRIAL DEMANDED**
INC. and ONLINE INFORMATION
SERVICES, INC.,

     Defendants.

_____/

## COMPLAINT

Plaintiff, Stephanie Cooper (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendants, Experian Information Solutions, Inc. (hereinafter "Experian"), and Online Information Services, Inc. (hereinafter "OIS") (collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"), for the common law tort of defamation, and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

2.      The FCRA was enacted to promote the accuracy, fairness, and privacy of consumer information contained in the files of consumer reporting agencies and in doing so promote the efficiency and public confidence in the banking system.

1

3.    Likewise, the FCCPA is designed and adopted to define and reinforce individual consumers' rights and "is a laudable legislative attempt to curb what the Legislature evidently found to be a series of abuses in the area of debtor-creditor relations." *Harris v. Beneficial Finance Company of Jacksonville*, 338 So.2d 196, 200-201 (Fla.1976).

## JURISDICTION AND VENUE

4.    The jurisdiction for this Court is conferred by 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1).

6.    Jurisdiction for pennant state law claims is provided by 28 U.S.C. § 1367.

7.    Venue is proper in this District as Plaintiff is a resident in this District, the violations described in this Complaint occurred in this District, and the Defendants transact business within this District.

8.    The Plaintiff is a natural person and resident of the State of Florida, residing in Clay County, Florida.

## PARTIES

9.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(3).

10.    Plaintiff is a "consumer" as defined in Fla. Stat. § 559.55(8) as she is a national person allegedly obligated to pay a debt.

11.    OIS is a corporation collecting an alleged obligation which arises out of personal, family or household transactions.

12.    The alleged debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute § 559.55(6), as it arises from personal, family or household transactions.

13.     OIS is a corporation attempting to collect an alleged consumer debt from Plaintiff.

14.     Upon information and belief, Defendant, OIS, is a corporate entity with its principal place of business located at 685 West Fire Tower Road, Winterville, North Carolina, 28590, has a registered agent, Corporation Service Company, located in Florida at 1201 Hays Street, Tallahassee, Florida 32301, and which conducts business within the State of Florida.

15.     Upon information and belief, Defendant, Experian, is a corporation incorporated in the State of California, authorized to do business in the State of Florida through its registered agent, CT Corporation System located at 1200 South Pine Island Road, Plantation, Florida 33324.

16.     Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 USC § 1681(d) to third parties.

17.     Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

18.     Plaintiff is a natural person who is allegedly obligated to pay a consumer debt.

19.     As of February 2016, Plaintiff owed St. Vincent's Medical Center for services rendered.

20.     On February 8, 2016, St. Vincent's Medical Center agreed to settle the debt in full for a one-time payment of $500.00.

21.     The payment of $500.00 was made to St. Vincent's Medical Center later on in 2016.

22.     In February of 2017, OIS began reporting the debt to the consumer reporting agencies.

23. On or about August, 2018, the Plaintiff mailed a written dispute letter and additional information, showing that the alleged debt owed to OIS was paid in full, to Experian and the other consumer reporting agencies.

24. Upon information and belief, in August 2018, Experian notified OIS of the dispute.

25. Both consumer reporting agencies Equifax Information Services, LLC (hereinafter "Equifax") and Trans Union LLC (hereinafter "Trans Union") removed the invalid debt.

26. On or about August 25, 2018, Experian responded to Plaintiff and stated the debt was "accurate", and continued reporting the charged off account.

27.     Upon information and belief, Experian failed to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

28.     Upon information and belief, Experian failed to conduct a reasonable reinvestigation of the credit report and credit files it published and maintains concerning the Plaintiff following receipt of disputes of the accuracy of the OIS account from Plaintiff.

29.     Upon information and belief, OIS has received communications from Equifax, Experian, and Trans Union requesting that it conduct investigation or reinvestigation of the accuracy of the information it was reporting regarding the account.

30.     Upon information and belief, OIS failed to conduct a reasonable investigation and reinvestigation of the accuracy of the information it was reporting regarding Plaintiff and the account.

31.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.     Lost opportunities to apply for credit while her credit was being negatively affected;

     ii.     Loss of time;

     iii.     Mental anguish, stress, and other related impairments to the enjoyment of life.

32.     Plaintiff's damages pursuant to Florida Statutes including § 559.77 have continued and are continuing as of the filing of this complaint.

33.     All conditions precedent to the filing of this action have occurred.

### COUNT I
### (Violation of the FCCPA)
As to Defendant Online Information Services, Inc.

34.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

35.     At all times relevant to this action, Online Information Services, Inc. is subject to and must abide by the law of the State of Florida, including, without limitation, Fla. Stat. § 559.72.

36.     Online Information Services, Inc. violated Fla. Stat. § 559.72(6) by disclosing information concerning the existence of a debt known to be reasonably disputed by the Plaintiff without disclosing that fact.

37.     Online Information Services, Inc. violated Fla. Stat. § 559.72(9) by attempting to enforce a debt against Plaintiff when Defendant knew that the debt was not legitimate.

38.     Online Information Services, Inc.'s actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Fla. Stat. § 559.77.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Online Information Services, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT II
### (Violation of the FDCPA)
### As to Defendant Online Information Services, Inc.

39.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-three (33) as if fully set forth herein.

40.     At all times relevant to this action Online Information Services, Inc. is subject to and must abide by 15 U.S.C. § 1692 *et seq*.

41.     Online Information Services, Inc. has violated 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

42.     Online Information Services, Inc. has violated 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Online Information Services, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

**COUNT III**
**(Violation of the FCRA)**
**As to Defendant Online Information Services, Inc.**

43.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

44.     Online Information Services, Inc. published the Online Information Services, Inc. representations to Equifax, TransUnion and Experian and through Equifax, TransUnion and Experian to all of Plaintiff's potential lenders on multiple occasions.

45.     Online Information Services, Inc. violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of Online Information Services, Inc.'s representations; by failing to review all relevant information regarding same; by failing to accurately respond to Experian; by failing to correctly report results of an accurate investigation to every other credit reporting agency; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the Online Information Services, Inc.'s representations to the consumer reporting agencies.

46.     Online Information Services, Inc. violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, Trans Union and Experian after Online Information Services, Inc. had been notified that the information was inaccurate.

47.     Online Information Services, Inc. violated 15 U.S.C. §1681s-2(b) by continuing to furnish inaccurate information to Equifax, TransUnion and Experian that Online Information Services, Inc. knew was inaccurate.

48.     Online Information Services, Inc. did not have any reasonable basis to believe that the Plaintiff was responsible for the account reported in the Online Information Services, Inc.'s representations. It also had substantial evidence by which to have verified that the Plaintiff was

7

not the responsible party. Online Information Services, Inc. knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if Online Information Services, Inc. would attempt to plea ignorance, it had all of the evidence and information with which to confirm and recognize the Plaintiff was not the liable party.

49.     Under information and belief, Online Information Services, Inc. has been subject to multiple legal actions by similarly situated consumers who have been pursued to pay on an account to which the consumer had no responsibility.

50.     As a result of this conduct, action and inaction of Online Information Services, Inc. Plaintiff suffered damage by loss of time due to Plaintiff's attempts to correct the inaccurate information; loss of credit; loss of the ability to purchase and benefit from credit; increased interest rate; and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

51.     The defamation, conduct and actions of Online Information Services, Inc. were willful, deliberate, intentional, and/or with reckless disregard for the interests and rights of Plaintiff such as to justify an award of punitive damages against SunTrust in an amount to be determined by the Court.

52.     Online Information Services, Inc.'s conduct, action and inaction as willful, render it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Online Information Services, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT IV
### (Violation of the FCRA)
### As to Defendant Experian Information Solutions, Inc.

53.     Plaintiff re-alleges and fully incorporates paragraphs one (1) through thirty-three (33) above as if fully stated herein.

54.     Experian Information Solutions, Inc. violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

55.     As a result of this conduct, action and inaction of Experian Information Solutions, Inc., the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

56.     The Plaintiff is entitled to recover costs and attorney's fees from Experian Information Solutions, Inc. in an amount to be determined by the Court pursuant to1 5 U.S.C. § 1681n and/or § 1681o.

57.     Experian Information Solutions, Inc. violated 15 U.S.C. § 1681i by failing to delete inaccurate information in the Plaintiff's credit file after receiving notice of such inaccuracies, by failing to conduct a lawful reinvestigation, by failing to maintain reasonable

procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has to know is unreliable.

58.     As a result of this conduct, action and inaction of Experian Information Solutions, Inc., the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; increased interest rate(s); and mental and emotional pain stemming from the anguish, humiliation, and embarrassment of credit denials.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian Information Solutions, Inc., for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

*/s/ Jason R. Derry, Esquire*
Jason R. Derry, Esquire
Florida Bar No.: 0036970
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 North Franklin Street, 7th Floor
Tampa, FL 33602
Telephone: (813) 223-5505
Facsimile:  (813) 257-0577
jderry@ForThePeople.com
jkneeland@ForThePeople.com
lstokes@ForThePeople.com
*Attorney for Plaintiff*